# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| TERESA TUBBS, | : | |
| Plaintiff, | : | |
| vs. | : | CA 18-0376-MU |
| ANDREW M. SAUL,<br>Commissioner of Social Security,[1] | : | |
| | : | |
| Defendant. | | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her claims for a period of disability, disability insurance benefits, and supplemental security income. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (*See* Docs. 26 & 28 ("In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, . . . order the entry of a final judgment, and conduct all post-judgment proceedings.")). Upon consideration of the administrative record, Plaintiff's

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 5, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Saul is substituted for Nancy Berryhill as the proper defendant in this case.

(Continued)

brief, and the Commissioner's brief,[2] it is determined that the Commissioner's decision denying benefits should be affirmed.[3]

## I. Procedural Background

Plaintiff filed an application for supplemental security income benefits on July 20, 2015 and a separate application for disability insurance benefits on July 23, 2015, both applications alleging disability beginning on May 19, 2015. (*See* Tr. 706-17.) Tubbs' claims were initially denied on November 10, 2015 (Tr. 618-21; *see also* Tr. 626-35) and, following Plaintiff's December 2, 2015 request for a hearing before an Administrative Law Judge ("ALJ") (*see* Tr. 636-37), a hearing was conducted before an ALJ on April 7, 2017 (Tr. 28-58). On October 20, 2017, the ALJ issued a decision finding that the claimant was not disabled and, therefore, not entitled to a period of disability, disability insurance benefits, or supplemental security income. (Tr. 10-23.) More specifically, the ALJ proceeded to the fifth step of the five-step sequential evaluation process and determined that Tubbs retains the residual functional capacity to perform less than a full range of sedentary work and those sedentary jobs identified by the vocational expert ("VE") during the administrative hearing (*compare id.* at 15-22 *with* Tr. 50-51 & 53-55). And, ultimately, the Appeals Council denied Plaintiff's request for review on July 8, 2018 (Tr. 1-3). Thus, the hearing decision became the final decision of the Commissioner of Social Security.

---

[2] The parties in this case waived oral argument. (*See* Docs. 23 & 27).

[3] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Docs. 26 & 28 ("An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."))

Plaintiff alleges disability due to right knee pain, status-post ORIF, post-traumatic arthritis, depressive disorder, and anxiety disorder. The ALJ made the following relevant findings:

> **3. The claimant has the following severe impairments: disorders of the knee (status post open reduction and internal fixation (ORIF)), depressive disorder and anxiety disorder (20 CFR 404.1520(c) and 416.920(c)).**
>
> . . .
>
> **4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).**
>
> . . .
>
> **5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than a full range of sedentary work as defined in 20 CFR 404.1567([a]) and 416.967([a]). Further, the claimant can never climb ladders, ropes or scaffolds or ramps and stairs. She can occasionally kneel, crouch and crawl. She can never work at unprotected heights or around hazardous moving mechanical parts. Further, she can frequently reach in all directions using the left and right upper extremities and frequently handle, finger and feel with the left and right hand. She needs a cane for walking on uneven surfaces and for balancing and needs an option to sit and stand at will. She is limited to performing simple, routine tasks and making simple work-related decisions. She can respond appropriately to the public occasionally. The claimant's time off task can be accommodated by normal breaks.**
>
> . . .
>
> **6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).**
>
> . . .
>
> **7. The claimant was born on May 12, 1969 and was 46 years old, which is defined as a younger individual age 45-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).**

**8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).**

**9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).**

**10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).**

. . .

**10. The claimant has not been under a disability, as defined in the Social Security Act, from May 19, 2015, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).**

(Tr. 12, 13, 15, 21, 22 & 23).

## II. Standard of Review and Claim on Appeal

In all Social Security cases, an ALJ utilizes a five-step sequential evaluation

to determine whether the claimant is disabled, which considers: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairments in the regulations; (4) if not, whether the claimant has the RFC to perform h[is] past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Commissioner of Social Sec.*, 457 Fed. Appx. 868, 870 (11th Cir. Feb. 9, 2012)[4] (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)-(f); *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004)) (footnote omitted). The claimant bears the burden, at the fourth step, of proving that she is unable to perform her

---
[4] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir.R. 36-2.

previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. *Id.* at 1005. Although "a claimant bears the burden of demonstrating an inability to return to h[er] past relevant work, the [Commissioner of Social Security] has an obligation to develop a full and fair record." *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted). If a plaintiff proves that she cannot perform her past relevant work, as here, it then becomes the Commissioner's burden—at the fifth step—to prove that the plaintiff is capable—given her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Phillips, supra,* 357 F.3d at 1237; *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999), *cert. denied,* 529 U.S. 1089, 120 S.Ct. 1723, 146 L.Ed.2d 644 (2000); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Magistrate Judge is to determine whether the Commissioner's decision to deny claimant benefits is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).[5] Courts are precluded, however, from

---

[5] This Court's review of the Commissioner's application of legal principles, however, is plenary. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

"deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. Appx. 995, 996 (11th Cir. Apr. 1, 2010) (per curiam) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). And, "[e]ven if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is supported by substantial evidence." *Id.*, citing *Crawford v. Commissioner of Social Sec.*, 363 F.3d 1155, 1158-1159 (11th Cir. 2004).

On appeal to this Court, Tubbs asserts but one reason why the Commissioner's decision to deny her benefits is in error, namely that the ALJ erred in failing to indicate how persuasive she found the opinion of treating physician, Dr. Glenton Davis, that Plaintiff needed to pursue disability, or how persuasive she found the opinion of the treating surgeon, Dr. John Park, that Tubbs was permanently disabled. (Doc. 13, at 1; *see also id.* at 3-5.)

There can be little question but that "[w]eighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of the process for determining disability." *Kahle v. Commissioner of Social Sec.,* 845 F.Supp.2d 1262, 1271 (M.D. Fla. 2012). In general, "the opinions of examining physicians are given more weight than those of non-examining physicians, treating physicians are given more weight than those of physicians who examine but do not treat, and the opinions of specialists are given more weight on issues within the area of expertise than those of non-specialists." *McNamee v. Social Sec. Admin.,* 164 Fed.Appx. 919, 923 (11th Cir. Jan. 31, 2006). In assessing the medical evidence, "[t]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor[,]" *Romeo v. Commissioner of Social Sec.,* 686 Fed.Appx. 731, 732 (11th Cir. Apr. 24, 2017) (citing *Winschel v.*

*Commissioner of Social Sec.,* 631 F.3d 1176, 1179 (11th Cir. 2011)), and the ALJ's stated reasons must be legitimate and supported by the record, *see Tavarez v. Commissioner of Social Sec.,* 638 Fed.Appx. 841, 847 (11th Cir. Jan. 7, 2016) (finding that the "ALJ did not express a legitimate reason supported by the record for giving [the consulting physician's] assessment little weight."); *compare id. with Nyberg v. Commissioner of Social Security,* 179 Fed.Appx. 589, 590-591 (11th Cir. May 2, 2006) (unpublished) (recognizing that an ALJ "'must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error.'"). In this context, "[m]edical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [a claimant's] symptoms, diagnosis and prognosis, what [a claimant] can still do despite impairment(s), and [a claimant's] physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(1), 416.927(a)(1) (emphasis supplied). And although it is well-established that an ALJ errs by failing to address and state the weight to be afforded to medical opinions of record, the Eleventh Circuit has determined in a spate of unpublished opinions that in certain circumstances the error is harmless. *See, e.g., Denomme v. Commissioner, Social Sec. Admin.,* 518 Fed.Appx. 875, 877 (11th Cir. May 16, 2013) ("When, however, an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand."); *Caldwell v. Barnhart,* 261 Fed.Appx. 188, 190 (11th Cir. Jan. 7, 2008) (same).

The record is clear that on September 23, 2014, Tubbs' surgeon, Dr. John Park, examined her right knee and leg, assessed right knee pain, muscle atrophy of the lower extremity, arthritis of the right knee, etc., and specifically noted "PROBABLE

7

PERMANENT DISABILITY." (Tr. 820.) In addition, the July 29, 2015 examination notes of Tubbs' primary care physician, Dr. Glenton Davis, contain the suggestion that Plaintiff "[m]ay need to pursue disability." (Tr. 1154.) This suggestion was made after the physician noted that Plaintiff was complaining of persistent right ankle pain a year and a half post-fracture of her right knee and also complaining of ongoing anxiety and social stressors, with examination revealing that Tubbs was walking with a limp and that the right ankle showed tenderness medially. (*Id.; see also id.* (Davis' assessments were posttraumatic arthritis and depression disorder)). A review of the ALJ's decision reveals that the ALJ made no reference to either physician's notation/comment/suggestion in her decision. (*See* Tr. 20-21 (evaluation of the opinion evidence)). However, as explained, *infra,* this Court finds no reversible error attributable to the ALJ's failure to address the notations/comments or suggestions of Drs. Park and Davis.

Turning first to Dr. Park's September 23, 2014 notation "PROBABLE PERMANENT DISABILITY[,]" this Court finds no error attributable to the ALJ's failure to address and state the weight to be afforded to this comment/notation. There is no error here for the simple fact that the comment was made some eight (8) months **prior to** Tubbs' alleged disability onset date of **May 19, 2015** (*see* Tr. 10 & 23 (Plaintiff alleged disability beginning May 19, 2015 on both of her applications)) and there is nothing in the record establishing that Dr. Park's notation would have any continuing relevance on or after May 19, 2015.[6] Besides, Dr. Park's notation is not only equivocal ("PROBABLE"), *cf.*

---

[6] Indeed, on Plaintiff's final visit to Dr. Park on February 25, 2015, her knee pain had improved and was tolerable, there was no limp, her right knee showed mild VFMO atrophy but there was no joint effusion and no joint line tenderness, McMurray sign and Lachman test were both negative, there was full range of motion, and there was no pain with patella compression. (*See* Tr. 813-15.)

*Mason v. Commissioner of Social Sec.,* 430 Fed.Appx. 830, 832 (11th Cir. June 16, 2011) ("Where a treating physician expresses uncertainty as to his own medical findings, the ALJ has no obligation to defer to his opinion."), it is a comment on an issue reserved to the Commissioner's discretion, *compare, e.g., Kelly v. Commissioner of Social Sec.,* 401 Fed.Appx. 403, 407 (11th Cir. Oct. 21, 2010) ("A doctor's opinion on a dispositive issue reserved for the Commissioner, such as whether the claimant is 'disabled' or 'unable to work,' is not considered a medical opinion and is not given any special significance, even if offered by a treating source[.]") *with Symonds v. Astrue,* 448 Fed.Appx. 10, 13 (11th Cir. Oct. 31, 2011) ("[T]he ultimate issue of disability is left to the determination of the Commissioner; and a statement by a medical source that a claimant is 'disabled' or 'unable to work' is not binding on the ALJ."). Therefore, even if this Court was to assume the ALJ erred in failing to specify the weight given to Dr. Park's comment/notation (which, as aforesaid, she certainly did not), "any potential error was harmless." *Denomme, supra,* 518 Fed.Appx. at 878.

As for Dr. Davis' July 29, 2015 suggestion that Tubbs "[*m*]*ay* need to pursue disability[]" (Tr. 1154 (emphasis supplied)), it simply cannot (in any manner or by the stretch of any imagination) be regarded as a judgment about the nature and severity of Plaintiff's impairments as is necessary to qualify as a "medical opinion" that must be considered by the ALJ. *Compare, e.g.,* 29 C.F.R. § 404.1927(a)(1) (defining "medical opinions") *with Martinez v. Acting Commissioner of Social Sec.,* 660 Fed.Appx. 787, 793 (11th Cir. Aug. 25, 2016). Therefore, Tubbs has not demonstrated that the ALJ erred "by not expressly stating what weight" she accorded Dr. Davis' suggestion. *Id.*

Given that Tubbs' assignment of error is properly overruled and Plaintiff does not challenge the VE's identification of sedentary jobs an individual with the residual functional capacity reflected in the decision can perform (*compare* Doc. 13 *with* Tr. 15, 22, 50-51 & 53-55), the Commissioner's fifth-step determination is due to be affirmed. *See, e.g., Owens v. Commissioner of Social Sec.,* 508 Fed.Appx. 881, 883 (11th Cir. Jan. 28, 2013) ("The final step asks whether there are significant numbers of jobs in the national economy that the claimant can perform, given h[er] RFC, age, education, and work experience. The Commissioner bears the burden at step five to show the existence of such jobs . . . [and one] avenue[] by which the ALJ may determine [that] a claimant has the ability to adjust to other work in the national economy . . . [is] by the use of a VE[.]"(internal citations omitted)); *Land v. Commissioner of Social Sec.,* 494 Fed.Appx. 47, 50 (11th Cir. Oct. 26, 2012) ("At step five . . . 'the burden shifts to the Commissioner to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform.' The ALJ may rely solely on the testimony of a VE to meet this burden." (internal citations omitted)). In short, substantial evidence supports the ALJ's determination that Tubbs is not disabled.

## CONCLUSION

It is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff benefits be affirmed.

**DONE** and **ORDERED** this the 20th day of June, 2019.

s/P. Bradley Murray
**UNITED STATES MAGISTRATE JUDGE**